UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WALLACE JAMES BEAULIEU,                         CIVIL NO. 06-4764 (JMR/JSM)

    Petitioner,

v.                                              REPORT AND RECOMMENDATION

STATE OF MINNESOTA,

    Respondent.

JANIE S. MAYERON, U.S. Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1], Motion to Expedite [Docket No. 10], and Request for Permission to File a Supplemental Brief [Docket No. 12]. Respondent has filed an Answer to Petition for Writ of Habeas Corpus [Docket No. 4] and a Memorandum in Support of Answer to Petition for Writ of Habeas Corpus [Docket No. 5]. Petitioner has filed a Response to States [sic] Memorandum [Docket No. 9].

This matter has been referred to this Court for a Report and Recommendation pursuant 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1(c).

For the reasons discussed below, it is recommended that:

1.    Petitioner's Motion Expedite [Docket No. 10] be **DENIED** as moot;

2. Petitioner's Request for Permission to File a Supplemental Brief [Docket No. 12] is **GRANTED**. The Court has reviewed Petitioner's supplemental submission in its consideration of his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus;[1] and

3. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1] be **DENIED** and dismissed with prejudice.

## I.  FACTUAL BACKGROUND

Petitioner Wallace Beaulieu is a Native American who has been admitted into the Minnesota Sex Offender Program ("Program"). Petitioner was initially committed at the St. Peter Facility, was subsequently transferred to the Moose Law facility after the commencement of the present case, and is presently being housed in a Washington County jail.

On October 12, 2004, Beltrami County filed a petition to commit Petitioner under Minn. Stat. §§ 253B.18 and 253B.185 as a Sexually Psychotic Personality ("SDP") pursuant to Minn. Stat. § 253.02, subd. 18(b) and as a Sexually Dangerous Person ("SDP") pursuant to Minn. Stat. § 253.02, subd. 18(c). See Appendix to Respondent's Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("RA") 1. Prior to the commitment proceedings, Petitioner's attorney moved to dismiss the commitment petition, on the grounds that the court did not have jurisdiction over

---

[1] In his May 29, 2007 Supplemental Brief, Petitioner complained that he has been removed from the Moose Lake facility and transferred to a Washington County jail. In addition, Petitioner claims that the Minnesota Sex Offender Program retaliated against him for filing a separate civil rights complaint by refusing to provide him with treatment. Petitioner has asked for a hearing on his claim that the state trial court did not have the requisite jurisdiction to civilly commit him or the alternative, that he be taken into federal custody and placed into an appropriate facility. This Court will not address this request for relief as part of the present habeas petition since the claims comprising the Petition are procedurally barred.

Petitioner due to tribal sovereignty principles. RA 84-99, 102-04. The trial court denied Petitioner's motion. RA 123-31.

Beltrami County District Court Judge Terrance C. Holter presided over Petitioner's commitment case from January 31 to February 2, 2006. RA 1. On March 8, 2006, Petitioner filed a pro se supplemental brief, despite being represented by counsel, alleging: ineffective assistance of trial counsel, violation of the Minnesota Constitution because the commitment proceedings were held in his absence; Minn. Stat. § 253B was unconstitutionally vague because it is classified as both a criminal and civil statute; Minnesota lacks personal jurisdiction to commit him; the state's reliance on Wisconsin case law was in error; the use of testimony of a victim during his commitment proceedings violated his rights under the Fifth Amendment; and the court erred in comparing his case to the O.J. Simpson case. RA 145-56.

On March 17, 2006, Judge Holter ordered Petitioner committed as a SDP and SPP. RA 1-75. Subsequently, the Program evaluated Petitioner pursuant to Minn. Stat. § 253B.18, subd. 2, and submitted the required report to the court recommending the continued commitment of Petitioner. RA 76-82. Based on this report, Judge Holter, on July 3, 2006, ordered Petitioner indeterminately committed as a SDP and SPP. Id.

On September 8, 2006, Petitioner's counsel filed an appeal of his commitment to the Minnesota Court of Appeals. RA 169-71. A Notice of Appeal was due to the Minnesota Court of Appeals on September 1, 2006. RA 206. The issues raised by Petitioner in his appeal included: whether tribal sovereignty principals barred his civil commitment; whether the State's use of the underlying charges of sexual assaults, where Petitioner was found not guilty, was barred by the principles of res judicata and

collateral estoppel; and whether Petitioner was unconstitutionally deprived of his right to a jury trial during his commitment proceeding. RA 178-81. The state sought dismissal of the appeal as untimely, and the appellate court required the parties to address the jurisdiction of the court to hear the appeal due to the late filing of the appeal. RA 171-77. Petitioner argued that his appeal was untimely because his counsel was not notified of his August 1, 2006 appointment as counsel until August 13, 2006. RA 190. As part of his submission to the court of appeals, Petitioner's counsel, Frank Bibeau, represented:

> That the undersigned did file the appeal in less than four (4) weeks of becoming aware of Appointment as attorney, with the good faith belief of a timely filing was being made.
>
> That the undersigned did misread/misinterpret and make genuine plain error and genuine mistake in erroneously filing the appeal of the indeterminate commitment order untimely.

RA 191.

On October 3, 2003, the Minnesota Court of Appeals dismissed Petitioner's appeal as untimely.[2] RA 214-16. Petitioner sought review of the Court of Appeals decision on the issue of his untimely appeal and the jurisdiction of the trial court, which was denied by the Minnesota Supreme Court on November 22, 2006. RA 217-224, 231.

On April 26, 2006, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus with this Court. Petitioner's claims are: (1) the State of Minnesota lacked the requisite subject matter jurisdiction to enforce civil commitment statues on

---

[2] The appellate court did not address Petitioner's argument that the reason his appeal was untimely was because of the late appointment of his counsel or his counsel's error in filing the appeal late. RA 214-16.

4

the Leech Lake Indian Reservation; (2) the SSP and SDP statutes violated the prohibition against double jeopardy and Ex Post Facto laws; (3) the civil commitment statutes violated his right to a jury trial; and (4) the state's use of the underlying charges and testimony regarding sexual assaults, where Petitioner was found not guilty, was barred by the principles of res judicata and collateral estoppel. See Petition, ¶ 12(A)-(D).

In response to Petitioner's application for a writ of habeas corpus, Respondent argued that Petitioner's claims should be dismissed as being procedurally barred in state court and for failure to exhaust his claims in state court. See Memorandum in Support of Answer to Petition for Writ of Habeas Corpus ("Resp.'s Mem.") at p. 13. Respondent also contended that Petitioner's claims do not challenge any state decision that was contrary to clearly established federal law, as determined by the United States Supreme Court, and that in any event, the claims fail as a matter of law. Id.

## II. DISCUSSION

A district court will entertain a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

### A. Procedural Default

Respondent argued this Court should not consider the Petition because Petitioner has procedurally defaulted on claims one, three and four: (1) the State of Minnesota lacked the requisite subject matter jurisdiction to enforce civil commitment statues on the Leech Lake Indian Reservation; (3) the civil commitment statutes violated

5

his right to a jury trial; and (4) the state's use of the underlying charges and testimony regarding sexual assaults, where Petitioner was found not guilty, was barred by the principles of res judicata and collateral estoppel. See Resp.'s Mem. at p. 13. These were the claims raised by Petitioner to the Minnesota Court of Appeals after the state statutory deadline for filling an appeal had expired. RA 178-81, 206. As stated previously, the Minnesota Court of Appeals dismissed Petitioner's appeal regarding these claims on the grounds that the appeal was untimely. RA 214-16.

Federal courts are precluded from reviewing "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citations omitted). The doctrine applies to bar federal habeas when a state court declined to address the federal claims from a person in state custody because the individual had failed to meet a state procedural requirement. Greer v. Minnesota, 493 F.3d 952, 2007 WL 2002554 at *3 (8th Cir. July 12, 2007) (citation omitted). In this case, the bar is based on the filling requirements for an appeal from a civil commitment, pursuant to Minn. Stat. § 253B.23, subd. 7[3] (see RA 214-16), which is not linked to or dependent on federal law. See generally, Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir. 1999) (finding that an untimely filing of motion for

---

[3]  Minn. Stat. § 253B.23, subd. 7 provides in relevant part:

> The commissioner or any other aggrieved party may appeal to the Court of Appeals from any order entered under this chapter as in other civil cases. Any district court order or judgment under this chapter or related case law may be appealed within 60 days after the date of filing of the order or entry of judgment.

6

postconviction relief constituted a procedural bar under state law, which was not linked to or dependent on federal law).

Thus, the instant Petition is barred, unless Petitioner can show "cause for the procedural default and prejudice resulting from it, or . . . a fundamental miscarriage of justice." Burns v. Gammon, 173 F.3d 1089, 1092 (8th Cir. 1999); see also Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (In the case of procedural default, the state prisoner "forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.") (citation omitted).

A fundamental miscarriage of justice is not suggested here.[4] Petitioner does contend, however, that he had cause for the procedural default. The existence of cause for a procedural default turns on "whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasis added); see also Coleman, 501 U.S. at 753. Some examples of factors external to the defense which prevent a petitioner from developing the factual or legal basis of a claim are interference

---

[4] The "fundamental miscarriage of justice" exception is available upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The natural extension to a civil commitment proceeding would be that the exception is available upon a showing, based on new evidence, that a constitutional violation has probably resulted in Petitioner being classified as a SDP or SPP.

7

by the state, ineffective assistance of counsel,[5] conflicts of interest, and legal novelty. See Mathenia v. Delo, 99 F.3d 1476, 1480-81 (8th Cir. 1996).

Petitioner claims he was precluded from filing a timely appeal because his appellette attorney, Frank Bibeau, discovered that he had been appointed as Petitioner's appellate counsel less than 30 days before his Notice of Appeal and Statement of the Case needed to filed with Minnesota Court of Appeals, and at that point, Bibeau did not have any of the transcripts to assist him in preparing the Notice of Appeal and Statement of the Case. See Petitioner's Response to State's Memorandum at p. 3.

The deadline for filing an appeal was September 1, 2006. RA 172. Petitioner's appeal was dated September 7, 2006 and service was effected by mail on the same day. RA 171. The appeal was filed by mail on September 8, 2006. Id. Bibeau asserted that he did not become aware of his appointment as Petitioner's attorney until August 13, 2006, and characterized his failure to file a timely appeal on the behalf his client as "excusable neglect", "genuine plain error", "mistake", an "inadvertence", and "accidental neglect." AR 189-90, 204.

---

[5] This Court notes that Petitioner has never asserted to this Court as part of his habeas petition or to a state court that Frank Bibeau's performance was constitutionally ineffective under the standard established in Strickland v. Washington, 466 U.S. 668 (1984). See Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003) (quoting Murray, 477 U.S. at 489) (requiring that "a claim for ineffective assistance of counsel be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding."). Petitioner never raised the issue that his appellate counsel was constitutionally ineffective under the standard established in Strickland in his Informal Memorandum for Jurisdiction to the Minnesota Court of Appeals regarding missing the deadline for his appeal; in his contemporaneous Application for Relief from Judgment, his Reply to Petitioner's Reply and Supplemental Memorandum to the trial court seeking relief to extend he appeals period; or in his Petition for Review of Decision of Court of Appeals. RA 182-94, 202-04, 217-24.

The factual record in this case does not support a finding that the late filing of Petitioner's appeal was due to some objective factor, external to the defense, that impeded his attorney's efforts to comply with the State's procedural rule. First, even assuming that Bibeau did not have notice until August 13, 2006 of his appointment, there is nothing in the record to suggest that he could not have filed the Notice of Appeal and Statement of the Case on time. For example, a review of the Statement of the Case filed by Bibeau on September 8, 2006, indicates that he was fully able to state the issues for appeal without a transcript, as he did not yet have one as of that date. RA 180-81.[6] Second, there was nothing in the record to suggest that anything precluded Bibeau from consulting with Petitioner's trial counsel in order to develop sufficient information to prepare and timely file the Notice of Appeal and Statement of the Case. In fact, the record indicates that the reason that Bibeau did not timely file the appeal was due to other matters requiring his attention. RA 190-91.

Third, no evidence was presented that Petitioner himself was prevented from having filed the Notice of Appeal and Statement of the Case during the 60 days permitted for appeal. To the contrary, according to both the trial court and Petitioner, he "has filed many Notices of Appeal pro se including one in this case after his initial commitment." RA 209 (Order Denying Respondent's Application for Relief from Judgment), RA 222 (Petition for Review of Decision of Court of Appeal).

In summary, based on the allegations made by Petitioner, Bibeau's mistake in failing to make a timely appeal does not constitute an "objective factor external to the

---

[6] Form 133 of the Minnesota Rules of Civil Appellate Procedure sets out items to be addressed in the Statement of the Case. It contemplates that a transcript of the underlying proceedings may not have yet been ordered or delivered at the time that the Notice of Appeal and Statement of the Case are filed with the court of appeals.

defense." As such, the Court concludes that Petitioner's First, Third, and Fourth claims are procedurally defaulted and that he has failed to demonstrate any "cause" excusing his procedural default. Accordingly, it is recommended that these claims be dismissed with prejudice.

### B.   Exhaustion of State Remedies

As to Petitioner's remaining Second Claim, which alleges prohibition against double jeopardy and ex post facto laws, Respondent asserts that this claim should also be dismissed because Petitioner has failed to raise it before any state court. See Resp.'s Mem. at p. 15. This Court agrees.

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of an individual in state custody, until he has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by those in state custody. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). The exhaustion requirement applies equally to those who are in state custody due to a civil commitment, as it does to state prisoners. See 28 U.S.C. § 2254(b) (requiring exhaustion of remedies available to those in state custody); Carter v. Bickhaus, No. 04-3824, 142 Fed.Appx. 937, 2005 WL 1767942 at *1 (8th Cir. July 27, 2005) (noting that the proper method for a civilly committed individual to challenge their custody is to bring a habeas petition after fully

exhausting the necessary state procedures); see also Swanson v. Iowa, No. C06-2079-LRR, 2006 WL 3386750 at *1 (N.D. Iowa Nov. 21, 2006) (finding that where a petitioner challenges a civil commitment as unlawful, a petitioner may "bring an application for a writ of habeas corpus in [federal] court after exhausting his remedies in state court.") (citing 28 U.S.C. § 2254(b)) (citation omitted); Hollingsworth v. Minnesota, No. Civ. 05-980 (DSD/SRN), 2005 WL 1277777 at *1 (D. Minn. May 25, 2005) ("Even though Petitioner apparently is in custody pursuant to a civil commitment proceeding, rather than a state criminal prosecution, there are state court remedies available to him, which he must exhaust before seeking federal habeas corpus relief.") (citation omitted).

To exhaust state court remedies, an individual in state custody must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66. See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the Petitioner has fairly presented his federal constitutional claims to the state court"). As stated previously, a party may appeal a civil commitment to the Minnesota Court of Appeals. See Minn. Stat. § 253B.23, subd. 7.

In this case, the record shows that Petitioner has not exhausted in state court his double jeopardy and ex post facto claim because it was never raised on appeal to the Minnesota Court of Appeals or the Minnesota Supreme Court. Because Petitioner has not fairly presented this claim for relief to the state courts, he has not satisfied the exhaustion of state court remedies requirement. Further, when a person in state custody has not exhausted his state court remedies with respect to some particular

11

claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted, and there is no point in giving the petitioner the opportunity to return to state court. See Coleman, 501 U.S. at 750. This is because, as stated previously, such claims cannot be entertained in a future federal habeas proceeding, except upon a showing by petitioner of sufficient "cause and prejudice" to excuse his procedural default, or in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Id. at 757; see also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994) ("Federal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'") (quoting Coleman, 501 U.S. at 732).

This Court concludes that permitting Petitioner to return to state court to pursue his unexhausted double jeopardy and ex post facto claim would be futile. First, Petitioner's claim is procedurally defaulted under state law because Petitioner never raised it on direct appeal (let alone, within the time allotted by Minn. Stat. § 253B.23, subd. 7), and there was nothing to preclude Petitioner from raising the double jeopardy and ex post facto claim on appeal. Thus, under Minnesota's procedural rules, Petitioner will be barred from bringing this claim in a state proceeding. Further, Petitioner provided no argument as to any "cause" that would have excused his failure to raise his double jeopardy and ex post facto claim at the appellate level. As such, Petitioner's Second Claim is unexhausted and procedurally barred. Accordingly, it is recommended that this claim be dismissed with prejudice.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Motion Expedite [Docket No. 10] be **DENIED** as moot;

2. Petitioner's Request for Permission to File a Supplemental Brief [Docket No. 12] is **GRANTED**. The Court has reviewed Petitioner's supplemental submission in its consideration of his application for habeas corpus relief under 28 U.S.C. § 2254; and

3. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1] be **DENIED** and dismissed with prejudice.

Dated: September 6, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 24, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

13